UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAVIER S. MERCHAN MORENO,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1071

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.20–21.) In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

March 6, 2026, bond hearing on April 7, 2026, (Resp., ECF No. 5; Recording of Mar. 6, 2026, Bond Hearing, filed on Apr. 7, 2026), and Petitioner filed his reply on April 9, 2026, (ECF No. 6).

## II.     Factual Background

Petitioner is a citizen of Colombia who entered the United States on or about April 25, 2023. Op., *Merchan Moreno v. Raycraft* (*Merchan Moreno I*), No. 1:26-cv-543 (W.D. Mich. Mar. 3, 2026) (ECF No. 6.) On January 25, 2026, ICE agents arrested Petitioner. *Id*.

On February 18, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Merchan Moreno I*. In *Merchan Moreno I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Merchan Moreno I*, (W.D. Mich. Mar. 3, 2026), (ECF Nos. 6, 7).

On March 6, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.3.) At that hearing, Petitioner provided "evidence showing a fixed address, work history, US Citizen/LPR sponsor, community ties, and no dangerous criminal record." (*Id*., PageID.4.) At the conclusion of the March 6, 2026, hearing, the immigration judge denied Petitioner's request for bond because:

> [Petitioner] has been present in the United States for a short period of time. [Petitioner] has limited familial relationships in the United States. The Court may consider any relief [Petitioner] is seeking before the Court or [the U.S. Citizenship and Immigration Services] and the Court does not find that [Petitioner] has presented sufficient evidence of a likelihood of success in being granted immigration relief.

(Order Immigration Judge, ECF No. 1-2, PageID.25.)

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>Conclusion</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    April 28, 2026                                      /s/ Jane M. Beckering
                                                              Jane M. Beckering
                                                              United States District Judge

3